LEDET,
CONCURS IN THE RESULT WITH REASONS
| ^though I agree with the result the majority reaches, I write separately to address the issue of the award of attorney’s fees to the appellant, Nancy Pavón. A review of the legislative history of La. C.C.P. art. 971 supports the majority’s conclusion that Ms. Pavón is a “prevailing party” to whom Article 971 mandates an award of attorney’s fees.
Before it was amended in 2004, Article 971 stated that “a prevailing defendant” on a special motion to strike “shall be entitled to recover” reasonable attorney’s fees and costs; however, a prevailing plaintiff on such motion could only recover attorney’s fees and costs if the court found that the special motion to strike was either “frivolous” or “solely intended to cause unnecessary delay.” Delta Chem. Corp. v. Lynch, 07-0431, p. 11, n. 7 (La.App. 4 Cir. 2/27/08), 979 So.2d 579, 587. The 2004 amendment to Article 971 changed the law to provide that any “prevailing party”—plaintiff or defendant—on a special motion to strike shall be awarded reasonable attorney’s fees and costs. Given this legislative history, I agree that Ms. Pavón is “a prevailing party” who, substantively, is entitled to attorney’s fees.
Procedurally, however, I have a problem with affirmatively awarding attorney’s fees to Ms. Pavón on appeal. Ms. Pavon’s brief is devoid of an |2affirmative request for an award of attorney’s fees. As a general rule, an appellate court does not grant relief that a party does not request. Following this general rule, I would simply remand this matter to the trial court for further proceedings.
Nonetheless, given Ms. Pavón is “a prevailing party” under Article 971 coupled with the mandatory language in Article 971 that the prevailing party “shall” be awarded attorney’s fees, I concur in the result reached by the majority.